## COMMONWEALTH *v.* EDINGER.

[Abstract Kentucky Law Reporter, Vol. 7—442.]

**Sufficiency of Title of an Act.**

The act of 1884 (Acts 1884, Ch. 755), entitled "An act to prohibit the sale of spirituous, vinous or malt liquors in Springdale precinct of Jefferson county" is not in violation of the constitution which provides that "no act shall relate to more than one subject, and that subject shall be expressed in the title."

**Effect of Tavern License.**

It can not be implied from the fact that one has a license to keep a tavern that the licensee has a right to sell intoxicating liquors. The right to sell liquors by a tavern keeper can only arise where the tribunal granting the license specifies the privilege to sell liquors in the license, and this can not legally be specified in a territory where the legislature has prohibited the sale of such liquors.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

December 10, 1885.

OPINION BY JUDGE PRYOR:

This is an appeal from the judgment of the Jefferson Circuit Court rescinding the order of the Jefferson County Court refusing to grant to the appellee, F. Edinger, a license to keep a tavern with the privilege of selling spirituous liquors.

The legislature at its last session passed an act entitled "An act to prohibit the sale of spirituous, vinous or malt liquors in Springdale precinct of Jefferson county." It provides:

1. "That it shall be unlawful for any person to sell or give away any spirituous, vinous or malt liquors within Springdale precinct of Jefferson county.

2. That any person thus offending shall be guilty of an unlawful act, and shall be punished according to existing laws for the illegal sale of whiskey."

The act was approved the 15th of April, 1884, and took effect

from its passage. The judge of the county court refused to license the appellee as a tavern keeper with the privilege to sell spirituous liquors, and that judgment was reversed by the circuit court. Counsel for the appellee maintains that the act of the legislature is invalid for two reasons: First, the title of the act does not express the subject of the act; second, it is too doubtful and ambiguous to have any force.

The title of the act prohibits the sale of liquors, and the body of the act prohibits anyone from selling or giving away any liquors, and because the citizen is prohibited from giving as well as selling we are called on to adjudge that it is within the constitutional inhibition providing that "No act shall relate to more than one subject, and that subject shall be expressed in the title." Whether a gift of whiskey or spirituous liquors, there being no consideration passing from the donor to the donee, would be regarded as a selling, is not necessary to be determined, as we think it plain that the body of the act is not such a departure from the title as makes it open to constitutional objection.

The legislation is in reference to the sale of spirituous liquors, and the title of the act must necessarily have called the attention of the legislators to the object sought to be accomplished; and to hold that because the word "give" is used in the body of the act it is invalid, would be to disregard the legislative will by such a technical construction of the constitutional provision in question as to defeat all legislation. It is certain that the title of the act relates to but one subject, and if the body of the act embraces more than one subject only, that part of the act would be unconstitutional not embraced by the title.

The second objection that the act is ambiguous and doubtful is equally unavailing. We have seldom seen an act less ambiguous in its provisions and more certain in its meaning. It provides that it shall be unlawful for any person to sell spirituous liquors within Springdale precinct, Jefferson county, and the party violating the law shall be punished according to the existing laws for the illegal sale of whiskey. It is said that there is no law for the illegal sale of whiskey, but there is a law against the illegal sale of whiskey, and with this play upon words the plain meaning of the act is sought to be abrogated and the law pronounced a nullity, for the reason that no penalty is annexed for its violation. If the second

section of the act is to be regarded as without meaning there still could be no difficulty in enforcing the first section of the act. It is conceded that a law with no penalty or burden of any sort to be borne for its violation is no law. Law and punishment must be together, and neither can exist without the other. Bishop on Statutory Crimes, § 21.

We have a law against the retail of spirituous liquors without a license with a penalty annexed, as well as other laws against the illegal sale of whiskey. These laws are general in their character and the penalties may be imposed upon all who violate them. If, therefore, it is unlawful to sell spirutuous liquors in Springdale precinct the person selling violates the general law, for he is selling without a license and in violation of law. A license from the county judge would have afforded the appellee no protection against an indictment for selling liquor without a license. The license would have been a nullity and the party punished. The county judge had no more power to grant the privilege of selling liquor than he would have had to license a faro bank within that precinct, for the reason that the law prohibited him from granting a license in either case. In making the act of selling liquor unlawful in the particular precinct it subjected the party selling to the penalties imposed by the general law against those selling without a license. Suppose the legislature had passed an act making it unlawful to retail liquors in Jefferson county, and a license had been produced from the county court; it would constitute no defense to an indictment because the county judge in granting the license had authorized that to be done which the law says is unlawful. The judgment of a court can not authorize any one to do an unlawful act.

Such legislation as is the subject of this appeal is not infrequent in this state. An act passed making it unlawful to sell spirituous liquors within one mile of a house of public worship or within one mile of a named college may be enforced, although there is no penalty annexed, except such as is found in the general law. Making it unlawful subjects the party to the punishment imposed by the general law in existence. If there is no penalty under the law of the state or at common law, then in such cases the vindicating part of the law being omitted, it can not be enforced.

The appellant has not been refused a license to keep a tavern,

but has been refused the privilege to sell spirituous liquors. The statute on the subject provides that this privilege to sell liquor shall not be implied or embraced in any license to keep a tavern, unless the tribunal granting the license shall specify the privilege in the license. The county court, no doubt, on proper proof would grant the license, as a tavern may be necessary at that point for the accommodation of the public; but the privilege to sell liquor can not be given by the county judge, because the law forbids it. The judgment of the circuit court is therefore reversed with directions to affirm the judgment of the county court.

Judgment *reversed.*

*Wm. Lindsay, Lee Woolfolk, T. & John Speed, P. W. Hardin, for appellant.*

*Brown, Humphrey & Davie, for appellee.*

[Cited, *Stickrod v. Commonwealth,* 86 Ky. 290, 9 Ky. L. 563, 5 S. W. 580.]

